IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


JERMAINE DUANE IRVIN                                         PETITIONER


v.                          NO. 2:18-cv-00179 DPM/PSH


DWAYNE HENDRIX, GENE BEASLEY,                               RESPONDENTS
C.V. RIVERA, S. ROBERTS, DEE ANDERSON,
JOSHUA BURGESS, SHAWN SMITH, and
JEFF SESSIONS


FINDINGS AND RECOMMENDATION


INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United

States District Judge D.P. Marshall Jr. You may file written objections to all or part of

this Recommendation. If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection, and (2) be received by the Clerk of this

Court within fourteen (14) days of this Recommendation. By not objecting, you may

waive the right to appeal questions of fact.

DISPOSITION

Petitioner Jermaine Duane Irvin ("Irvin") began this case by filing a pro se pleading that the Clerk of the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. A summary of the petition is extremely difficult. Irvin appears to object to the Federal Bureau of Prison's characterization of his nationality as "Black" when he is instead a "Moorish-American." He maintains that as a "Moorish-American," he is not subject to the laws of the United States of America. It appears to be his contention that because he is not subject to the laws of the United States of America, he was improperly incarcerated and is being held in violation of his rights. He asks that he be released from federal custody and awarded, inter alia, three billion dollars in damages.

Irvin accompanied his petition with the pending motion for leave to proceed in forma pauperis. See Docket Entry 1. The undersigned is now called upon to address the motion.

The undersigned begins by making note of two matters. First, all pro se pleadings are to be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972). Second, although the fee filing provisions of the Prison Litigation Reform Act are inapplicable to cases filed pursuant to 28 U.S.C. 2241, see Malave v. Hedrick, 271 F.3d 1139 (8th Cir. 2001), the undersigned is nevertheless required to screen a petition filed pursuant to that section. See Boyle v. Missouri, 2013 WL 5651394 (E.D.Mo. 2013). If it plainly appears that the petitioner is not entitled to relief, the petition must be dismissed. See Id. [citing Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court as made applicable to 28 U.S.C. 2241 petitions by Rule 1(b) thereof].

2

The claim at bar mirrors the claim presented in <u>Boyle v. Missouri</u>.[1] There, United States District Judge Henry Edward Autrey of the Eastern District of Missouri found no merit to the claim and dismissed the case <u>sua</u> <u>sponte</u>. He did so for the following reason:

> This matter is before the Court on petitioner's pro se application for writ of habeas corpus pursuant to 28 U.S.C. 2241. The Court will deny and dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.
>
> Pretrial detainee, Antoine Boyle, petitions the Court for a writ of habeas corpus pursuant to 2241, seeking his immediate release from custody on sovereign immunity grounds.
>
> Petitioner maintains that he is immune from prosecution for violating any federal or state law because, as a free Sovereign Moorish-American national of North American Indigenous and Aboriginal Moors of the Ancient Moroccan Empire born in America, he is not a subject to the State, nor federal jurisdiction of the United States. Despite his representations that he was born in the United States and that his lawful domicile is in Missouri, he contrarily asserts that he is under the jurisdiction of the Moorish Nation, and submissive only to the Moorish Holy Temple of Science—Free Moorish-American Zodiac Constitution. Thus, he believes that when he was taken into custody, he was "kidnapped" (unlawfully arrested) and being held hostage by public servants of the United States of America.
>
> …
>
> Fatal to petitioner's assertion of immunity is the non-recognition of the Moorish Nation as a sovereign state by the United States. <u>See</u> <u>Benton-El v. Odom</u>, 2007 WL 1812615, at 6 (M .D.Ga. June 19, 2007); <u>Osiris v. Brown</u>, 2005 WL 2044904, at 2 (D .N.J. Aug. 24, 2005); <u>Khattab El v. United States Justice Dept.</u>, 1988 WL 5117, at 2 (E.D.Pa. Jan. 22, 1988: <u>see</u> <u>also</u>, <u>We the People Beys and Els v. State of New York</u>, 165 F.3d 16, 1998 WL 801875, at 1 (2d Cir. Nov. 12, 1998) (unpublished opinion). Petitioner cannot unilaterally bestow sovereign immunity upon himself. <u>See</u> <u>United States v. Lumumba</u>, 741 F.2d 12, 15 (2d Cir.1984). Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence.

---

[1]      In <u>Boyle</u>, the petitioner began the action by filing a complaint pursuant to 28 U.S.C. 1983. Because it was apparent that he brought the action seeking release from custody as a pre-trial detainee, the action was construed to be one pursuant to 28 U.S.C. 2241.

Although petitioner does not claim to have made a formal renunciation of nationality, it is of no import. Those who have voluntarily relinquished their citizenship, like other aliens, must obey the federal and applicable state laws, just as native-born and naturalized citizens are required to do. See Khattab, supra; Osiris, supra; see also, Thorton–Bey v. United States, 2009 WL 203502, at 2 (N.D.U1. Jan. 26, 2009); Howell-El v. United States, 2006 WL 3076412, at 3 (S.D.Ill. Oct. 27, 2006).

As such, the petition will be denied and dismissed. …

See Boyle v. Missouri, 2013 WL 5651394 at 1-2. Although the case was dismissed sua sponte, Judge Autrey granted Boyle's motion for leave to proceed in forma pauperis and ordered him to pay the five dollar filing fee.[2]

Judge Autrey's analysis in Boyle v. Missouri is persuasive and is adopted in full. For the reason he provided in that case, the case at bar should also be dismissed sua sponte. Although Judge Autrey granted Boyle's motion for leave to proceed in forma pauperis and ordered payment of the five dollar filing fee, and Irvin is undoubtedly a pauper, the undersigned will not recommend likewise. Collecting the filing fee would likely prove difficult and ultimately result in a waste of time and resources.

Clearly, sua sponte dismissals are disfavored. See Haley v. Dormire, 845 F.2d 1488 (8th Cir. 1988). It plainly appears, though, that Irvin is not entitled to relief. The undersigned therefore recommends that this case be dismissed sua sponte. His motion for leave to proceed in forma pauperis should be denied.[3] All requested relief should be denied, and judgment entered for the respondents.

---

[2]    The identical claim was rejected for the same reason by United States District Judge John A. Ross in Henderson v. Phelps County Jail, 2013 WL 5651395 (E.D.Mo. 2013).

[3]    In Boyle, Judge Autrey denied a request for a certificate of appealability. The undersigned need not address the question of whether to recommend the granting of such a certificate because the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement does not apply to a petition brought pursuant to 28 U.S.C. 2241. See Langella v. Anderson, 612 F.3d 938 (8th Cir. 2010).

DATED this 18th day of December, 2018.


_____
                              UNITED STATES MAGISTRATE JUDGE